1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

## EASTERN DISTRICT OF CALIFORNIA

12

13    FRED W. DAVIS,                          CV F   04 6763 REC SMS  P

14                        Plaintiff,

15          v.                                FINDINGS AND RECOMMENDATIONS
                                              REGARDING MOTION FOR PRELIMINARY
                                              INJUNCTIVE RELIEF (Doc. 9.)
16

17    HUSKEY, et. al.,

18                        Defendants.
      _____/

19

20        Fred W. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

21    this civil rights action filed pursuant to 42 U.S.C. § 1983.  On March 27, 2006, Plaintiff filed

      Motion for Preliminary Injunction and Temporary Restraining Order.  Plaintiff alleges that
22

          "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be
23

24    granted unless the movant, by a clear showing, carries the burden of persuasion." <u>Mazurek v.</u>

      <u>Armstrong</u>, 520 U.S. 968, 972 (1997) (*quotations and citations omitted*).  The purpose of a
25

26    preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the

27    moving party that justice requires the court to intervene to secure the positions until the merits of

      the action are ultimately determined.  <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395
28

1

1   (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a

2   combination of probable success and the possibility of irreparable harm, or (2) that serious

3   questions are raised and the balance of hardship tips in its favor."  Arcamuzi v. Continental Air

4   Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must

5   demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction should not issue if

6   the plaintiff "shows no chance of success on the merits."  Id.  At a bare minimum, the plaintiff

7   "must demonstrate a fair chance of success of the merits, or questions serious enough to require

8   litigation."  Id.

9        In addition, a federal court is a court of limited jurisdiction.  Because of this limited

10  jurisdiction, as a threshold and preliminary matter the court must have before it for consideration

11  a "case" or "controversy."  Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the court does not have a

12  "case" or "controversy" before it, it has no power to hear the matter in question.  Rivera v.

13  Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).

14       In an Order issued concurrent with these Findings and Recommendations, the Court has

15  screened Plaintiff's Complaint and dismissed it with leave to amend.  As such, the Complaint

16  does not yet state a claim for relief and the Court is without the jurisdiction to issue any such

17  orders.

18       The Court notes further that Plaintiff's Motion seeking injunctive relief merely seeks the

19  same relief for the same claims raised in the Complaint.  In other words, the Motion is a mirror

20  image with respect to the claims raised and relief sought in the Complaint.  In such a case, the

21  Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his

22  allegations when the Motion is premised on those same allegations.  For this reason it is

23  inappropriate for a Plaintiff to file the same claims and requests for relief made in his action in

24  Motion form.  By doing so, Plaintiff does not make the Court more likely to resolve his case

25  more quickly.  In fact, filing inappropriate motions only serves to divert the Court's attention

26  away from the resolution of one's case.

27       The Court HEREBY RECOMMENDS that the Motion for Preliminary Injunctive Relief

28  be DENIED.

2

1        The Court HEREBY ORDERS that these Findings and Recommendations be submitted

2   to the United States District Court Judge assigned to this action pursuant to the provisions of 28

3   U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States

4   District Court, Eastern District of California.  Within THIRTY (30) days after being served with

5   a copy of these Findings and Recommendations, any party may file written Objections with the

6   Court and serve a copy on all parties.  Such a document should be captioned "Objections to

7   Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served

8   and filed within TEN (10) court days (plus three days if served by mail) after service of the

9   Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

10  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time

11  may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153

12  (9th Cir. 1991).

13  IT IS SO ORDERED.

14  Dated:      April 11, 2006                              /s/ Sandra M. Snyder

15  icido3                                                    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28