1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   FRED W. DAVIS,                          CV F   04 6763 REC SMS  P

10                          Plaintiff,
                                           ORDER DISMISSING COMPLAINT WITH
11          v.                             LEAVE TO AMEND (Doc. 1.)

12
13   HUSKEY, et. al.,

14                          Defendants.
     _____/

15
16          Fred W. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

17   this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A.  SCREENING REQUIREMENT**

18
19          The court is required to screen complaints brought by prisoners seeking relief against a

20   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

23   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

24   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

25   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

26   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

27          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

28   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

1

support of the claim or claims that would entitle him to relief.  See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), *citing* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see</u> <u>also</u> <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

**B.  SUMMARY OF COMPLAINT**

Plaintiff states that on March 25, 2002, he was attempting to get to the restroom from his bunk area when Defendant C. Ramey yelled out "floors closed."  Plaintiff asked whether he could use the restroom when Defendant rushed out from the podium and told Plaintiff he could not brush teeth or wash his face.   Defendant then told Plaintiff to "cuff up" and jerked Plaintiff's arm around which caused Plaintiff to be off balance.  Plaintiff fell to the floor and received injuries to the upper and lower extremities.  Plaintiff states he was in the facilities hospital for five days.  Plaintiff names C. Ramey, Warden Huskey and Does 1-12 as Defendants in this action and is seeking injunctive relief as well as compensatory and punitive damages.

**C.  CLAIMS FOR RELIEF**

***1.  Linkage Requirement***

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v.  Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In this case, Plaintiff names Does 1 through 15, however, he does not allege any facts that would support any constitutional claim for relief in his Complaint. As such, the Complaint fails to state a claim against any of the Doe Defendants.

### 2. Excessive Force

The use of excessive force by a prison official violates the eighth amendment. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992). Determining whether there has been an eighth amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " See id. at 6 (quoting Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986)).

To prevail on an excessive force claim, an inmate must show the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline." Id. at 4-5, 7, 112 S.Ct. at 999. Such factors as the need for the application of the force, the relationship between the need for the application of force and the amount of force used, and the extent of injury inflicted are relevant to the ultimate determination. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986). An inmate, however, does not need to have suffered an injury to establish an Eighth Amendment violation. Hudson, 503 U.S. at 7.

The Supreme Court has further held that not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical

3

1  force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"

2  Id. at 9-10.

3      In this case, Plaintiff alleges that Defendant Ramey grabbed pulled his arm around in an

4  effort to cuff him which caused Plaintiff to be off balance falling to the floor.  As such, Plaintiff

5  does not allege facts to support a claim of excessive force in violation of the Eighth Amendment.

6      ***3. Retaliation***

7      An allegation of retaliation against a prisoner's First Amendment right to file a prison

8  grievance is sufficient to support a claim under Section 1983.  Bruce v. Ylst, 351 F.3d 1283,

9  1288 (9th Cir. 2003.  "Within the prison context, a viable claim of First Amendment retaliation

10  entails five elements: (1) An assertion that a state actor took some adverse action against an

11  inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

12  inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

13  legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir.2005) (*citations*

14  *omitted*).

15      In this case, Plaintiff does not allege any facts giving rise to a claim of retaliation against

16  any of the named Defendants.

17      ***4. Eighth Amendment Medical***

18  A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment

19  unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."

20  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an

21  objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

22  "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501

23  U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of

24  mind," which entails more than mere negligence, but less than conduct undertaken for the very

25  purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a

26  deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

27  inmate health or safety."  Id.

28      In applying this standard, the Ninth Circuit has held that before it can be said that a

4

1  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

2  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

3  cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing*

4  Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or

5  treating a medical condition does not state a valid claim of medical mistreatment under the

6  Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

7  because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

8  County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

9  (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136

10 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate

11 indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

12 1990).

13      As in the case above, Plaintiff does not allege any facts that would support an Eighth

14 Amendment violation against any of the named Defendants.

15      ***5.  Supervisory liability.***

16      Supervisory personnel are generally not liable under Section 1983 for the actions of their

17 employees under a theory of respondeat superior and, therefore, when a named defendant holds a

18 supervisorial position, the causal link between him and the claimed constitutional violation must

19 be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

20 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim

21 for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege

22 some facts that would support a claim that supervisory Defendants either: personally participated

23 in the alleged deprivation of constitutional rights; knew of the violations and failed to act to

24 prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a

25 repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

26 Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List,

27 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts

28 must be alleged to support claims under section 1983. See Leatherman v. Tarrant County

1 | Narcotics Unit, 507 U.S. 163, 168 (1993).

2 | Plaintiff has not alleged any facts indicating that Defendants personally participated in the

3 | alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

4 | them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

5 | of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v.

6 | Black at 646.

7 | Here, although Plaintiff names Warden Huskey as a Defendant, Plaintiff does not allege

8 | any facts to support a claim of supervisory liability.

9 | **D. CONCLUSION**

10 | The Court finds that Plaintiff's complaint does not contain any claims upon which relief

11 | can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with

12 | time to file a first Amended Complaint curing the deficiencies identified above should he wish to

13 | do so.

14 | Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

15 | resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.

16 | 1980). The Amended Complaint must specifically state how each Defendant is involved.

17 | Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

18 | connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423,

19 | U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

20 | F.2d 740, 743 (9th Cir. 1978).

21 | Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

22 | be complete in itself without reference to any prior pleading. As a general rule, an Amended

23 | Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

24 | 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any

25 | function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each

26 | claim and the involvement of each defendant must be sufficiently alleged. The Amended

27 | Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

28 | appropriate case number, and be an original signed under penalty of perjury.

**E.  ORDER**

The Court HEREBY ORDERS:

1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2.      The Amended Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

      a.      File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

      b.      Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:    April 11, 2006**                    _____/s/ Sandra M. Snyder_____
icido3                                                   UNITED STATES MAGISTRATE JUDGE

7