# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

FRED W. DAVIS,                                      CV F   04 6763 REC SMS  P

             Plaintiff,

                                FINDINGS AND RECOMMENDATIONS
    v.                                          REGARDING MOTION FOR PRELIMINARY
                                INJUNCTIVE RELIEF (Doc. 15.)

HUSKEY, et. al.,

             Defendants.

_____/

    Fred W. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On March 27, 2006, Plaintiff filed Motion for Preliminary Injunction and Temporary Restraining Order.  The Court issued Findings and Recommendations on April 12, 2006, to deny the Motion on the grounds that the Court had yet to find that the Complaint stated a cognizable claim for relief.  The Court issued an Order that same day dismissing the Complaint with leave to amend as it had determined that the Complaint stated *no* cognizable claims for relief.  Plaintiff filed an Amended Complaint on April 24, 2006.

    On August 25, 2006, Plaintiff filed a second Motion for Temporary Restraining Order and Preliminary Injunction.  In this Motion, Plaintiff argues the merits of the allegations made in

1

1    the Complaint.

2         "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be

3    granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v.

4    Armstrong, 520 U.S. 968, 972 (1997) (*quotations and citations omitted*).  The purpose of a

5    preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the

6    moving party that justice requires the court to intervene to secure the positions until the merits of

7    the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395

8    (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a

9    combination of probable success and the possibility of irreparable harm, or (2) that serious

10   questions are raised and the balance of hardship tips in its favor."  Arcamuzi v. Continental Air

11   Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must

12   demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction should not issue if

13   the plaintiff "shows no chance of success on the merits."  Id.  At a bare minimum, the plaintiff

14   "must demonstrate a fair chance of success of the merits, or questions serious enough to require

15   litigation."  Id.

16        In addition, a federal court is a court of limited jurisdiction.  Because of this limited

17   jurisdiction, as a threshold and preliminary matter the court must have before it for consideration

18   a "case" or "controversy."  Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the court does not have a

19   "case" or "controversy" before it, it has no power to hear the matter in question.  Rivera v.

20   Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).

21        As noted above, the Court has previously informed Plaintiff that his Motion for a

22   Temporary Restraining Order and Preliminary Injunctive Relief was premature in that the Court

23   had yet to determine that the Complaint stated cognizable claims for relief.  Although Plaintiff

24   submitted an Amended Complaint, the Court has yet to examine it and determine whether

25   Plaintiff has successfully cured the defects outlined in the Order Dismissing with Leave to

26   Amend.  As such, the Court cannot say that the Amended Complaint states a claim for relief and

27   the Court is again without the jurisdiction to issue the order requested by Plaintiff.

28        Further, the Court notes that the Motion again seeks the same relief and argues the merits

1   of his case as Plaintiff did in the first Motion for Temporary Restraining Order.  Plaintiff is

2   informed that the repeated filing of Motions that the Court has previously ruled on is improper.

3   The Court informed Plaintiff what the purpose of a Motion for Temporary Restraining Order is

4   and thus, Plaintiff's attempts to obtain the relief sought in the action itself through a Motion for

5   Temporary restraining order is highly improper.  Should Plaintiff file any subsequent Motions

6   that are premature or argue the merits of his case, the Court will STRIKE them from the record.

7          The Court HEREBY RECOMMENDS that the Motion for Preliminary Injunctive Relief

8   be DENIED.

9          The Court HEREBY ORDERS that these Findings and Recommendations be submitted

10   to the United States District Court Judge assigned to this action pursuant to the provisions of 28

11   U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States

12   District Court, Eastern District of California.  Within THIRTY (30) days after being served with

13   a copy of these Findings and Recommendations, any party may file written Objections with the

14   Court and serve a copy on all parties.  Such a document should be captioned "Objections to

15   Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served

16   and filed within TEN (10) court days (plus three days if served by mail) after service of the

17   Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

18   § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time

19   may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153

20   (9th Cir. 1991).

21   IT IS SO ORDERED.

22   **Dated:    October 4, 2006                    /s/ Sandra M. Snyder**
     icido3                                                   UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28