# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED W. DAVIS,<br><br>        Plaintiff,<br><br>  v.<br><br>HUSKEY, et. al.,<br><br>        Defendants. | CV F   04 6763 LJO SMS  P<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CERTAIN CLAIMS AND DEFENDANTS FROM ACTION AND PROCEED WITH REMAINING CLAIMS/DEFENDANTS<br><br>(Doc. 12.) |

Fred W. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On April 12, 2006, this Court screened Plaintiff's Complaint and dismissed it with leave to amend. Plaintiff submitted an Amended Complaint on April 24, 2006, naming C. Ramey, N.Ayala, and J.W. Huskey as Defendants.

**A.  SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
2 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
3 support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
4 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
5 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
6 complaint under this standard, the court must accept as true the allegations of the complaint in
7 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
8 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
9 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10 **B.  SUMMARY OF COMPLAINT**

11    Plaintiff states that on March 25, 2002, he was attempting to get to the restroom from his
12 bunk area when Defendant C. Ramey yelled out "floors closed."  Plaintiff asked whether he
13 could use the restroom when Defendant rushed out from the podium and told Plaintiff he could
14 not brush teeth or wash his face.  Plaintiff states that this treatment violated his constitutional
15 rights.  Defendant then told Plaintiff to "cuff up" and jerked Plaintiff's arm around which caused
16 Plaintiff to be off balance and fall to the floor.  Plaintiff states that this violated his right to
17 disability and medical condition.  Plaintiff fell to the floor and received injuries to the upper and
18 lower extremities.  Plaintiff alleges that Defendant Ramey's Actions constituted assault and
19 violation of the Eighth Amendment.  Plaintiff also states that Defendant Ayala refused to take
20 disciplinary action to curb the pattern of physical abuse of Plaintiff.  Plaintiff alleges that
21 Defendant Huskey, as Warden was legally obligated to ensure his health and safety and had to
22 know of the practice of negligence.

23 **C.  CLAIMS FOR RELIEF**

24    *1. Linkage Requirement*

25    The Civil Rights Act under which this action was filed provides:

26    Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the
27    deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at
28    law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### 2. Eighth Amendment

When a prison security measure is undertaken in response to a particular incident, the question of whether the measures taken inflicted unnecessary and wanton pain and suffering depends on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 4, 5-7, 112 S.Ct. 995, 999 (1992). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078 (1986). Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts know to them, and any efforts made to temper the severity of a forceful response. Id., at 321. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Whitley v. Albers, *supra* at 319; see also, Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992). Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at

3

321-322 (*quoting* Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861 (1970)).

In this case, Plaintiff alleges sufficient facts indicating that Defendant Ramey used excessive force in response to Plaintiff's request to use the restroom causing him to fall and injure himself. Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Defendant Ramey.

### *3. Assault - State Law Claim*

Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 240, 242 (West 2005); 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988). The Court finds Plaintiff's allegation sufficient to give rise to assault and battery claims against Defendant Ramey. However, he does not allege sufficient facts to state an assault and battery claim against any other Defendant.

### *4. Eighth Amendment Medical*

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing*

4

Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff does not allege any facts in the Amended Complaint that would support an Eighth Amendment violation against any of the named Defendants. As such, this claim will be dismissed from the action.

### 5. *Supervisory liability.*

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

As in the prior case, although Plaintiff names Defendant Huskey and alleges he should

have know about the misconduct of staff, he does not allege sufficient facts to state a cognizable claim for relief for an Eighth Amendment medical care claim. As such, Defendant Huskey will be dismissed from the action.

### 6. *Defendant Ayala*

Plaintiff alleges that Defendant Ayala violated his rights because he did not take disciplinary action against Defendant Ramey for a "known pattern of physical abuse."

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer v. Brennan, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834(citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.

Plaintiff's allegation is purely conclusory and does not allege facts to support a claim against Defendant Ayala. Accordingly, the Court will recommend that Defendant Ayala be dismissed from the action.

## D. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under section 1983 against Defendants Huskey and Ayala, however, he *does* state an Eighth Amendment claim and assault and battery claim against Defendant Ramey. The Court has previously provided Plaintiff with leave to amend his Complaint to cure deficiencies in his original Complaint. However, after having had the opportunity to amend, Plaintiff has been unable to cure those deficiencies. Accordingly, the Court HEREBY RECOMMENDS that Defendants Huskey and Ayala be DISMISSED from the action and that the case proceed on the Eighth Amendment and assault and battery claim against Defendant Ramey. By separate order and following resolution of this recommendation by the District Court, the Court will order the Clerk of Court to send Plaintiff the proper forms to initiate service of the Complaint on

Defendant Ramey.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three (3) days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 26, 2007**              /s/ Sandra M. Snyder
icido3                                            UNITED STATES MAGISTRATE JUDGE