UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED W. DAVIS, | ) 1:04-cv-6763-LJO-SMS-PC |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION RE: |
| v. | ) DEFENDANT'S MOTION TO DISMISS |
| | ) (DOC. 31) |
| J. W. HUSKEY, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff is a state prisoner proceeding in forma pauperis and pro se with an action for damages for violation of his civil rights. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Pending before the Court is the motion of Defendant C. Ramey to dismiss the action, filed on July 5, 2007, along with a supporting memorandum of points and authorities, a declaration of service, and a certification of the custodian of records of the government claims program of the state of California with attachments. Plaintiff filed opposition to the motion on July 16, 2007, consisting of a memorandum, proof of service thereof, and exhibits. No reply was filed.

//////

1

I. <u>Background</u>

Plaintiff commenced this action in December 2004 by filing an unverified complaint; an unverified first amended complaint (FAC) was filed on April 24, 2006, in which Plaintiff sought compensatory and punitive damages and injunctive relief against two correctional officers, Ramey and Ayala, and a warden, Huskey. Plaintiff alleged that on March 25, 2002, without any cause in the way of threats, resistance, or rules violations, Defendant Ramey maliciously and sadistically barred Plaintiff from using the restroom, handcuffed and jerked Plaintiff, twisted his arm, caused him to fall, and injured Plaintiff, who as a result was hospitalized for five days. (FAC [Doc. 12] pp. 2-3.) Plaintiff complained that this conduct constituted an application of excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, the tort of assault, and a violation of Due Process. (<u>Id.</u> at 3-4.)

On May 7, 2007, the Court adopted findings and a recommendation that had been filed on February 26, 2007, screening the case and determining that the case would proceed only against Defendant Ramey and only concerning the Eighth Amendment excessive force claim and pendant state claims of assault and battery. (Docs. 26, 21.)

On April 11, 2007, an informational order was filed and served by mail on Plaintiff. The order informed Plaintiff concerning the significance of, and requirements and procedures concerning, motions to dismiss and motions for summary judgment.

////
//////

2

II. <u>Legal Standards</u>

   A. <u>Motion to Dismiss</u>

Fed. R. Civ. P 12(b)(6) provides for the making of a motion to dismiss for failure to state a claim upon which relief can be granted; such a motion tests the legal sufficiency of the claim or claims stated in the complaint. The motion tests whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002); <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Diaz v. Gates</u>, 380 F.3d 480, 482 (9th Cir. 2004). Dismissal for failure to state a claim is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1274 (9th Cir. 1993). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, (1957). Dismissal is proper only where there is either a lack of a cognizable legal theory, or an absence of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion under Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff; accept all well-pleaded factual allegations as true; and determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. <u>Cahill v.

Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

Here, Defendants seek dismissal of plaintiff's state law tort claims for assault and battery because Plaintiff has failed to allege compliance with the California Tort Claims Act.

### B. California Tort Claims Act

The California Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board (CVCGCB), formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Govt. Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2008).

Presentation of a written claim and action on, or rejection of, the claim are conditions precedent to suit; compliance with the claims presentation requirement is an element of the cause of action, or claim, and failure to allege facts demonstrating or excusing compliance with the requirement subjects a claim against a public entity to a demurrer for failure to state a claim. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1239, 1243 (2004); Mangold v. California Pub. Utils. Comm'n., 67 F.3d 1470, 1477 (9th Cir. 1995). This means that a plaintiff must allege that he has presented a timely claim to the CVCGCB. City of San Jose v. Superior Court, 12 Cal.3d 447, 454 (1974). A person who receives written rejection of a claim has six months from the date the rejection was mailed to file a lawsuit regarding the claim. Cal. Govt. Code § 945.6(a)(1). The six-month statute of limitations of section 945.6(a)(1) is applicable to suits brought by prisoners. See, May v. Enomoto, 633 F.2d 164, 166, n.2, 167 (9th Cir. 1980).

III. <u>Analysis</u>

Plaintiff is not required to file a claim with the CVCGCB in order to exhaust his federal section 1983 claim pursuant to the Eighth Amendment. <u>Rumbles v. Hill</u>, 182 F.3d 1064, 1069 (9th Cir. 1999) (overruled in part on other grounds by <u>Booth v. Churner</u>, 532 U.S. 731 (2001)).

However, to pursue any tort claims under California law against a public employee such as Defendant Ramey, Plaintiff is required to exhaust non-judicial remedies by filing a claim with the CVCGCB, and Plaintiff is required to plead such exhaustion in his complaint. <u>State v. Superior Court</u>, 32 Cal.4th at 1243; <u>Mangold</u>, 67 F.3d at 1477; <u>Karim-Panahi</u>, 839 F.2d at 627.

Here, there are no allegations whatsoever in Plaintiff's FAC concerning any presentation of a claim. Further, Plaintiff has not alleged any facts concerning compliance, or excuse from compliance, with California's Tort Claims Act.

Thus, Plaintiff has not alleged facts demonstrating or excusing compliance with the requirement. Plaintiff's opposition to the motion consisted of matter pertinent to the merits of the controversy concerning the alleged excessive use of force and other matters relating to the disciplinary proceedings in prison that resulted from the incident in question. To the extent that the FAC may be construed to plead state law tort claims, including assault and battery claims, Defendant is entitled to dismissal of those claims.

With respect to the issue of whether or not Plaintiff could state facts constituting a claim, the Court has considered the materials submitted by Defendant consisting of documents

5

certified by Carolyn Perry, the custodian of records for the Government Claims Program, which reflect that the Victim Compensation and Government Claims Board received Plaintiff's claim on September 16, 2002, and subsequently notified Plaintiff in a writing dated November 8, 2002, that it had rejected Plaintiff's claim on October 25, 2002, and warned him that he had only six months from the date of mailing in which to file a court action. Plaintiff's initial complaint, filed on December 28, 2004, was signed on December 23, 2004; the judicial complaint was not filed within six months of the notification of rejection of the tort claim in November 2002. It is clear that even if Plaintiff could allege filing a claim and receiving a rejection of the claim, he could not allege that the complaint was timely filed in compliance with the statute. Thus, granting leave to amend would be futile

Finally, the Court notes that Plaintiff has been given an opportunity to oppose the motion to dismiss and to apprise the Court of any facts that might affect his compliance with the pertinent statutes, but no factual circumstances have been set forth.

IV. <u>Recommendation</u>

Accordingly, because Plaintiff failed to allege compliance with the California Tort Claims Act, and further because it appears beyond doubt that Plaintiff can allege no set of facts in support of his claim which would entitle him to relief, it IS RECOMMENDED that Defendant's motion to dismiss the pendant state
//////
////////

6

claims of assault and battery BE GRANTED, and Plaintiff's state claims BE DISMISSED without leave to amend.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 8, 2008**          /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE