IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | | |
|---|---|---|
| Fred W. Davis, | ) | No. 1:04-cv-06763-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| C. Ramey, et al., | ) | |
| Defendant. | ) | |

Before the Court are Defendant's First Request for Extension of Time to Depose Plaintiff and Compel Production (doc. # 41), filed December 11, 2008, and Plaintiff's Amended Complaint (doc. # 36), filed without motion for leave to file it and without order of the Court permitting it to be filed.

This case was filed in December 2004. (Doc. # 1.) The currently operative amended complaint was filed April 24, 2006 (doc. # 12) and answered March 25, 2008. (Doc. # 35.) At this late date, a party may amend his pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In the Discovery Order/Scheduling Order of April 28, 2008, Magistrate Judge Snyder stated, "The deadline for amending the pleadings shall be October 27, 2008." (Doc. # 36, p. 2.) That order set a deadline for seeking leave to amend pleadings; it did not grant leave in advance to file unknown pleadings

1 by that date. Plaintiff signed on October 22, 2008, and the Clerk received on October 23,
2 2008 an Amended Pleading, not accompanied by any motion for leave to file or written
3 consent of the opposing party. After nearly four years of litigation, it would be difficult for
4 Plaintiff to meet his burden of showing that a late amendment should be permitted, as further
5 delay of this much delayed lawsuit would be inevitable. Plaintiff's unauthorized Amended
6 Complaint will be treated as a motion for leave to amend and denied for lack of demonstrated
7 justification for allowing it.

8        Also pending before the Court is Defendant's First Request for Extension of time to
9 Depose Plaintiff and Compel Document Production. (Doc. # 41.) Defendant noticed the
10 deposition of Plaintiff for December 22, 2008, on seven days before the December 29, 2008
11 discovery deadline, but the notice of deposition was returned, as Plaintiff had been paroled.
12 Plaintiff filed a notice of change of address on December 3, 2008. (Doc. # 40.) As
13 Plaintiff's address has been available to Defendant since December 3, 2008, Defendant can
14 re-notice a deposition even without Plaintiff's telephone number. If Plaintiff fails to appear
15 without substantial justification, he will be subject to sanctions, up to and including dismissal
16 of his action. Defendant's time to depose Plaintiff will be extended to January 30, 2009.

17        Defendant also asks for an extension of time to compel discovery in the event Plaintiff
18 does not respond timely and adequately to written discovery requests due December 26,
19 2008. Plaintiff's duty to timely and fully respond to previously served discovery requests
20 is not excused by his recent parole. If Plaintiff fails to timely respond, Defendant may move
21 to compel discovery and seek other appropriate sanctions. Defendant's time to move to
22 compel discovery will be extended to January 9, 2009.

23        The dispositive motions deadline of February 27, 2009, is reaffirmed.

24        IT IS THEREFORE ORDERED that Plaintiff's Amended Pleading (doc. # 38) is
25 treated as a motion to amend complaint and is **denied.**

26        IT IS FURTHER ORDERED that Defendant's First Request for Extension of time
27 to Depose Plaintiff and Compel Document Production (doc. # 41) is **granted** only to the
28 extent that Defendant's time to depose Plaintiff is extended to January 20, 2009, and

1  Defendant's time seek compelling of production of documents or other sanctions concerning
2  pending written discovery requests is extended to January 9, 2009.  The February 27, 2009,
3  deadline for filing dispositive motions is reaffirmed.
4       DATED this 23rd day of December, 2008.

                                                /s/ Neil V. Wake
                                                Neil V. Wake
                                                United States District Judge