IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Fred W. Davis, | ) No. 1:04-CV-06763 NVW |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| C. Ramey, et al., | ) |
| Defendants. | ) |

Defendant has filed a Motion for Summary Judgment pursuant to Federal Rule Civil Procedure 56. (Doc. #53.) The Court is responsible for making a *pro se* prisoner "aware of the requirements and consequences" of a motion for summary judgment. Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998). In particular, a prisoner must be "'informed of his or her right to file counter-affidavits or other responsive evidentiary materials and be alerted to the fact that failure to do so might result in the entry of . . . judgment against the prisoner.'" Wyatt v. Terhune, 315 F.3d 1108, 1114 n. 6 (9th Cir. 2003). A prisoner should be notified that if he "fails to controvert the moving party with opposing counter-affidavits or other evidence, the moving party's evidence might be taken as the truth, and final judgment may be entered against the prisoner." Id.

**NOTICE--WARNING TO PLAINTIFF**

***THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT***

The Defendant's Motion for Summary Judgment seeks to have your case dismissed.

A motion for summary judgment under Federal Rule of Civil Procedure 56 will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Local Rule 56-260 also requires that you include with your response to the Motion for Summary Judgment a separate statement of facts in opposition to the Motion for Summary Judgment. Your separate statement of facts must include numbered paragraphs corresponding to the Defendant's ("moving party's") separate statement of facts:

> (b) Any party opposing a motion for summary judgment . . . shall reproduce the itemized facts in the Statement of Undisputed Facts [of the moving party] and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Undisputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing with the Clerk of all evidentiary documents cited in the opposing papers. See L.R. 5-133(j). If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

L.R. 56-260(b).

Finally, Rule 78-230(c) of the Local Rules requires that "[o]pposition, if any, to the granting of the motion shall be in writing and shall be filed with the Clerk . . . [and] shall be

personally served on opposing counsel . . ." Service may be by mailing to opposing counsel. Pursuant to Rule 78-230(m), in prisoner cases, such as this case, motions will be decided without oral argument, and any opposition to the Motion for Summary Judgment must be filed within 21 days of the filing of the motion. In this case, any opposition to the motion for summary judgment must be filed **by March 18, 2009.**

You must timely respond to the Motion for Summary Judgment. If you do not timely file an opposition to the Motion for Summary Judgment, the Court will decide the Motion on its merits without opposition from you. See Brydges v. Lewis, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

**IT IS THEREFORE ORDERED** Plaintiff shall have **until March 18, 2009,** to file a response in opposition to Defendant's Motion for Summary Judgment, together with supporting affidavits or other appropriate exhibits and a separate Statement of Undisputed Facts. If a response in opposition is not filed by then, the Court will then summarily decide the Motion for Summary Judgment without further delay.

**IT IS FURTHER ORDERED** that Defendant may file a reply **by March 27, 2009**.

DATED this 27th day of February, 2009.

_____
Neil V. Wake
United States District Judge